**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CYNTHIA A. SAGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:04cv825 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

**I.      Introduction**

Plaintiff, Cynthia A. Sager, brought this action pursuant to 42 U.S.C. §§ 405(g) and

1383(c), for judicial review of the final determination of the Commissioner of Social Security

("Commissioner") which denied her application for supplemental security income ("SSI") and

disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42

U.S.C. §§ 401-403; 1381-1383(f).

**II.      Background**

**A.      Facts**

Plaintiff was born on December 24, 1947.  R. at 62.  She has a high school education

and some college credits.  *Id.*  Plaintiff's past work experience includes jobs as a financial

administrator and in retail sales, which the ALJ found to be semi-skilled and unskilled,

respectively.  R. at 40.

Plaintiff alleges disability as of August 15, 2000, due to mental health problems,

plantar fasciitis and heel pain syndrome.  R. at 31.  The record reflects that Plaintiff has not

engaged in substantial gainful work activity since alleging disability as of August 15, 2000.  R. at 31, 60

### B.     Procedural History

_____Plaintiff initially filed an application for SSI/DIB on May 14, 2001, in which she claimed total disability since August 15, 2000.  R. at 140-42.  An administrative hearing was held on August 16, 2002 before Administrative Law Judge James J. Pileggi ("ALJ").  Plaintiff was represented by counsel and testified at the hearing.  No vocational expert ("VE") testified at the hearing.  On November 20, 2002, the ALJ rendered a decision unfavorable to Plaintiff. The Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ for the resolution of various issues regarding Plaintiff's mental health.  R. at 130-32.

A second administrative hearing was held before the ALJ on September 28, 2003.  R. at 78.  Plaintiff was again represented by counsel and testified at the hearing.  Frances Kinley, an impartial VE, also testified at the hearing.  R. at 30.  On March 22, 2004, the ALJ rendered another decision unfavorable to Plaintiff in which he found that although Plaintiff was unable to perform her past relevant work, she could make an adjustment to other work which exists in significant numbers in the national economy and, therefore, was not "disabled" within the meaning of the Act.  R. at 31.

The ALJ's decision became the final decision of the Commissioner on May 7, 2004, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.  R. at 7

On June 3, 2004, Plaintiff filed her Complaint in this Court in which she seeks judicial review of the decision of the ALJ.  The parties have filed cross-motions for summary

judgment.   Plaintiff contends that the decision of the ALJ was in error and should be reversed

for the following reasons:

1)   Plaintiff's testimony was entitled to substantial credibility due to her long and consistent work history with two employers;

2)   The ALJ was not free to disregard the evaluation of Christine Lucas, who opined that Plaintiff suffers from severe depression and anxiety despite medications;

3)   The ALJ failed to give sufficient weight to Plaintiff's testimony regarding the severity of her symptoms, pain and non-exertional impairments;

4)   The ALJ failed to explain why he rejected the Plaintiff's testimony which established an inability to perform substantial gainful activity;

5)   The ALJ improperly ignored the VE's opinion that Plaintiff was disabled based upon her attorney's hypothetical;

6)   The ALJ was not free to disregard the evaluations of treating sources who presented evidence that Plaintiff could not do a full range of work;

7)   The ALJ's hypothetical question to the VE were not based upon the evidence of record; and

8)   The ALJ erroneously ignored the VE's answers to hypothetical question(s), which were consistent with medical evidence that Plaintiff could not perform a full range of work activity due to her limitations.

Pltf's Br. at 10-12.  The Commissioner contends that the decision of the ALJ should be

affirmed as it is supported by substantial evidence of record.  The Court agrees with the

Commissioner and will therefore grant the motion for summary judgment filed by the

Commissioner and deny the motion for summary judgment filed by Plaintiff.


**III.**      **Legal Analysis**

A.      <u>Standard of Review</u>

The Act limits judicial review of disability claims to the Commissioner's final

decision.  42 U.S.C. §§ 405(g), 1383(c)(3).  If the Commissioner's finding is supported by

substantial evidence, it is conclusive and must be affirmed by the Court.  42 U.S.C. § 405(g);

*Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).  The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  It consists of more than a scintilla of evidence, but less than a preponderance.  *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation.  20 C.F.R. §§ 404.1520 and 416.920 (1995).  This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work.  *See* 42 U.S.C. § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112,  118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186, F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987);  42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

> (1)  by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1.  *See Heckler v. Campbell*, 461 U.S. 458 (1983);  *Stunkard*, 841 F.2d at 59;  *Kangas*, 823 F.2d at 777;  or,

(2)  in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (*citing* 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process. In making this determination, the ALJ concluded that Plaintiff retained the residual functional capacity to perform the exertional demands of medium work, although her capacity for medium exertional work was diminished

by her mental impairments.  R. at 38.  As to the effect of her mental limitations, the ALJ found

that Plaintiff "can perform no more than simple, repetitive tasks, and she can have no more than

incidental interaction with the public."  R. at 38.  According to the ALJ, Plaintiff also "cannot

perform jobs involving close production quality standards or high quotas, and she can perform

no team type activities."  R. at 38.  These limitations led the ALJ to conclude that Plaintiff

could not perform her past relevant work, but could make a vocational adjustment to work as a

janitor/ cleaner, a packer, and in laundry/dry cleaning.  R. at 38-39.

> **B.     Discussion**

As set forth in the Act and applicable case law, this Court may not undertake a *de

novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Monsour

Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986), *cert. denied*., 482 U.S. 905

(1987).  The Court must simply review the findings and conclusions of the ALJ to determine

whether they are supported by substantial evidence. 42 U.S.C. § 405(g);  *Schaudeck v. Comm'n

of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

> 1.     *The ALJ's assessment of Plaintiff's credibility is supported by substantial
> evidence.*

Plaintiff raises three (3) issues regarding the ALJ's finding that Plaintiff's testimony

regarding her impairments and their impact on her ability to work was "not entirely credible."

*See* R. at 40.  Credibility determinations by an ALJ need only be supported by substantial

evidence on the record as a whole.  *Miller v. Commissioner of Soc. Sec.*, 172 F.3d 303, 304 n.1

(3d Cir. 1999).

First, Plaintiff contends that her testimony was entitled to substantial credibility because she had a long and consistent work history with two employers.  Pltf's Br. at 10, 12-14.  In support of this proposition, Plaintiff relies on *Dobrowolsky v. Califano*, 606 F.2d 403 (3d Cir. 1979) and *Podedworny v. Harris*, 745 F.2d 210 (1984).  In *Dobrowolsky*, the United States Court of Appeals for the Third Circuit observed that "when the claimant has a work record like Dobrowolsky's twenty-nine years of continuous work, fifteen with the same employer[,] his testimony as to his capabilities is entitled to substantial credibility."  *Dobrowolsky*, 606 F.2d at 409.  In *Podedworny*, our court of appeals reaffirmed this principle and observed that "appellant's testimony about the pain he was experiencing is entitled to even more substantial weight because it is unlikely that absent such pain he would have quit a job at which he was working for about thirty-two years."  *Podedworny*, 745 F.2d at 217 (*citing Taybron v. Harris*, 667 F.2d 412, 415 n. 6 (3d Cir.1981) (per curiam)).

*Dobrowolsky* and *Podedworny* indicate that the testimony of a claimant *regarding his or her employment capabilities* is entitled to "substantial credibility" or "substantial weight" if the claimant has a lengthy and uninterrupted work history.  However, these cases do not stand for the broader proposition that a lengthy and generally solid record of employment entitles a claimant to an *irrebuttable* presumption of complete credibility as to *all* aspects of a claimant's testimony.  Additionally, these cases are not at odds with the general rule that credibility determinations by an ALJ need only be supported by substantial evidence on the record as a whole.  *Miller, supra*, 172 F.3d at 304 n.1.

It is undisputed that Plaintiff had a long, steady and apparently unblemished work history, and therefore her testimony regarding her employment capabilities is, at least initially,

entitled to "substantial credibility" or "substantial weight."  On the other hand, there is

substantial evidence of record to support the ALJ's determination that "[t]he claimant's

statements concerning her impairments and their impact on her ability to work are not entirely

credible."  R. at 40.[1]  Additionally, the ALJ did not find that Plaintiff's testimony regarding her

limitations or ability to work was completely without credibility.  Instead, the ALJ only

discredited Plaintiff's testimony "to the extent [that she] alleges being totally precluded from all

work-related activities."  R. at 35.  However, notwithstanding his observation that "[f]rankly,

the medical evidence does not support very many mental limitations," the ALJ did credit

Plaintiff's testimony to a limited extent, and provided for "significant limitations ... to the

claimant's residual functional capacity, which allow for many of her subjective complaints and

limitations."  R. at 35, 38.

Based on the foregoing, the Court finds and rules that the ALJ's assessment of

Plaintiff's credibility is consistent with the applicable legal principles and supported by

substantial evidence.  Although the ALJ did not reference the rules of *Dobrowolsky* and

*Podedworny*, he apparently did afford "substantial credibility" or "substantial weight" to

Plaintiff's testimony regarding her work capabilities when he provided for "significant

limitations" to Plaintiff's residual functional capacity.  R. at 35.  Moreover, the ALJ's decision

to discredit Plaintiff's testimony "to the extent [that she] alleges being totally precluded from

all work-related activities" is supported by substantial record evidence, and is the product of

logical reasoning.  Accordingly, the Court will not disturb that finding on appeal.

---

[1]    The ALJ based his credibility determination on the significant differences between
Plaintiff's alleged limitations and the limitations that he found to be supported by the evidence of
record.  *See* R. at 35-37.

Plaintiff also contends that the ALJ failed to give sufficient weight to Plaintiff's testimony regarding the severity of her symptoms, pain, and non-exertional impairments, and that the ALJ failed to adequately explain why he rejected the Plaintiff's testimony that she was unable to perfrom substantial gainful activity.  Pltf's Br. at 11.  The weight given to Plaintiff's testimony was based on Plaintiff's credibility and, as stated above, the Court has found that the ALJ did not err in that regard.

2.  *The ALJ's decision to disregard the evaluations of Christine Lucas and Willard Reitz, Ph.D. is supported by substantial evidence.*

Plaintiff raises two (2) issues regarding the weight assessed by the ALJ to the opinions of Christine Lucas and Willard Reitz, Ph.D.  The rules which govern the opinions of treating physicians and the weight assigned thereto are well-settled.  The Commissioner will usually give greater weight to the findings and opinion of a treating physician.  20 C.F.R. § 416.927(d)(2).  Under the regulations, the opinion of a treating physician concerning the nature and severity of an individual's impairment is entitled to controlling weight only if it is consistent with the other evidence of record and well-supported with clinical and diagnostic findings.  20 C.F.R. §§ 404.1527(d)(3)-(4); 416.927(d)(3)-(4).  In addition, in *Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994) (citation omitted), the United States Court of Appeals for the Third Circuit held that a treating physician's opinion that a claimant is disabled or unable to work is not dispositive of the issue.

When a doctor's opinion is inconsistent or unsupported by the record, the ALJ can give such an opinion less weight.  20 C.F.R. § 416.927(d)(3),(4).  The reliability of form reports is suspect when not accompanied by thorough written reports.  *Brewster v. Heckler*, 786 F.2d

9

581, 585 (3d Cir. 1986). Moreover, a treating physician's opinion on the issue of whether a

claimant is unable to work does not bind the Commissioner as that decision is solely the

responsibility of the ALJ. 20 C.F.R. §416.927(e)(1)-(3). The determination of disability, which

is a legal determination, is ultimately for the Commissioner and not a medical source. 20

C.F.R. §§ 404.1527(e), 416.927(e).

Plaintiff's first contention is that the ALJ was not free to disregard the opinion of

"Dr." Christine Lucas, who opined on behalf of Plaintiff's treatment team at Chartiers

Community Mental Health and Retardation Center that Plaintiff suffers from severe depression

and anxiety despite medications. *See* Pltf's Br. at 10, 15-18. Lucas' letter also stated that "[i]t

is the treatment team's opinion that [Plaintiff] is unable to be gainfully employed." R. at 397.

Plaintiff's argument lacks merit. First, the record reflects that Lucas is a licensed

social worker, and, contrary to what is represented in Plaintiff's Brief, *see* Pltf's Br. at 10,

Lucas is not a medical doctor. R. at 397. Therefore, the ALJ did not err when he found that the

opinion expressed by Lucas was not from a valid "treating source" under the applicable

regulations. *See* R. at 37; *see also* 20 C.F.R. § 416.913(a).

Plaintiff makes the creative argument that because Lucas expressed the foregoing

opinions on behalf of Plaintiff's treatment team at Chartiers Community Mental Health and

Retardation Center, which team included a genuine medical doctor, Lucas' opinions should be

treated as the opinions of a treating physician. Pltf's Br. at 15. The Court can not agree.

Although Plaintiff's treatment team included Sam Lee, M.D. ("Dr. Lee"), who is a psychiatrist,

one cannot infer from Lucas' letter that Dr. Lee's medical opinion is specifically expressed

therein, or that Dr. Lee endorsed the content of the letter. In any event, the ALJ properly

observed that "the issue of disability is one that is reserved to the Commissioner."  R. at 37; *see also* 20 C.F.R. §§ 404.1527(e), 416.927(e).  Accordingly, the Court finds and rules that the ALJ did not err when he assigned little weight to the opinions expressed in Lucas' letter.

Plaintiff also contends that the ALJ was not free to disregard the opinion of Willard Reitz, Ph.D. ("Dr. Reitz").  Pltf's Br. at 16-17.  Dr. Reitz examined Plaintiff and authored a consultative psychological examination in which he opined, *inter alia*, that Plaintiff had "fair" ability to understand, remember and carry out simple job instructions, and had poor or no ability to deal with work stresses, maintain attention/concentration, and demonstrate reliability.  R. at 304-05.  The ALJ gave these assessments no weight because "they completely contradict the remaining body of his report," "are clearly based only on the claimant's subjective allegations during the examination," and "are completely inconsistent with the remaining evidence of record regarding the severity of the claimant's mental impairments."  R. at 36.  The ALJ also observed that the "overall examination of the claimant showed very few indications of a serious medical disorder."  R. at 38.

The Court finds and rules that the ALJ did not err in finding that Dr. Reitz's opinions are entitled to no weight, and that the ALJ's decision in that regard is supported by substantial evidence.  For example, the records of Sam Lee, M.D., who treated Plaintiff's mental health problems over an extended period of time, reflect that Plaintiff's mental impairments are not nearly as severe as Dr. Reitz's report indicates.  *See* R. at 382-86; 411-19.  Additionally, Dr. Reitz opined that Plaintiff possesses "fair" ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, function independently, and understand, remember and carry out simple job instructions.  R. at 304.  The capabilities

11

identified by Dr. Reitz are consistent with the employment limitations imposed by the ALJ, *i.e.*, that Plaintiff "can perform no more than simple, repetitive tasks, [] can have no more than incidental interaction with the public, ... cannot perform in jobs involving close production quality standards or high quotas, and ... can perform no team type activities." R. at 40. As to Dr. Reitz's opinion that Plaintiff had poor or no ability to demonstrate reliability, the record as a whole is, as the ALJ observed, "inconsistent with the remaining evidence of record regarding the severity of the claimant's mental impairments." R. at 36.[2] Therefore, the ALJ did not err when he found that the opinions of Dr. Reitz were entitled to no weight.

3.      *The ALJ's reliance upon the hypothetical questions presented to the Vocational Expert is supported by substantial evidence.*

Plaintiff raises three (3) issues regarding the hypothetical questions posed to the vocational expert and the answers thereto. In order to determine whether a claimant is capable of performing other substantial gainful activity that exists in significant numbers in the national economy, the ALJ may rely upon the testimony of a vocational expert. Testimony of a vocational expert constitutes substantial evidence for purposes of judicial review where a hypothetical question considers all of a claimant's impairments which are supported by the medical record. *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004); *Burns v. Barnhart,* 312 F.3d 113, 120 (3d Cir. 2002); *Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). Hypothetical questions need only include factors that are supported by objective medical

_____

[2]      For example, Dr. Reitz's report reflects that Plaintiff gets up four days per week at 7:30 a.m. to drive her daughter to work, that Plaintiff cares for her granddaughter for the remainder of the workday, and that Plaintiff picks up her daughter at work in the afternoon. Such routines, and particularly the care of a young child, are hardly reflective of one who has poor or no ability to be reliable.

evidence contained in the record. *Chrupcala,* 829 F.2d at 1276.  It is not necessary for the ALJ to include facts in a hypothetical question that are supported <u>only</u> by a claimant's subjective testimony.  *Id.*

Plaintiff first contends that the ALJ improperly ignored the vocational expert's opinion that Plaintiff was disabled, which was in response to a hypothetical question posed by Plaintiff's attorney.  Pltf's Br. at 19.  Specifically, the hypothetical question posed by Plaintiff's attorney incorporated the limitations reflected in the report of Dr. Reitz and the letter authored by Christine Lucas.  As the Court has explained above, the ALJ did not err in finding that the opinions of Dr. Reitz and Lucas were entitled to little or no weight.  Because the hypothetical posed to the vocational expert by Plaintiff's attorney was predicated on evidence which was properly rejected by the ALJ, the ALJ was not required to accept the vocational expert's opinion that Plaintiff was disabled.

Plaintiff also contends that the ALJ's hypothetical questions to the vocational expert were not based upon the evidence of record.  R. at 12.  The Court does not agree.  In his hypothetical the ALJ limited Plaintiff to no more than incidental interaction with the public, no team-type activities, no close production quality standards, and no "required high quota output."  R. at 91.  These limitations are supported by the evidence of record and, as the ALJ observed, "are taken from the claimant's testimony regarding her desire to avoid public contact and her inability to relate well to being out and about in public."  R. at 38.

Finally, Plaintiff contends that the vocational expert's answers to hypothetical questions were consistent with medical evidence that Plaintiff could not perform a full range of work activity due to her limitations.  Pltf's Br. at 12.  Plaintiff is essentially correct - there is

13

medical evidence of record which establishes that Plaintiff's mental limitations preclude a wide range of work activity.  However, the ALJ properly incorporated those limitations when he limited Plaintiff to work which involved no more than incidental interaction with the public, no team-type activities, no close production quality standards, and no "required high quota output." R. at 91.   Therefore, the Court finds and rules that the ALJ did not improperly rely on the vocational expert's answer to his hypothetical question.


**IV.      Conclusion**

It is undeniable that Plaintiff has a number of impairments, and this Court is sympathetic and aware of the challenges which Plaintiff faces in seeking gainful employment. Under the applicable standards of review and the current state of the record, however, the Court must defer to the reasonable findings of the ALJ and his conclusion that Plaintiff is not disabled within the meaning of the Social Security Act, and that she could make a vocational adjustment to work which exists in substantial numbers in the national economy.

For these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

An appropriate Order follows.


McVerry, J.


14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA A. SAGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:04cv825 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

**AND NOW**, this 6th of September, 2005, in accordance with the foregoing

Memorandum Opinion it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1.    Plaintiff's Motion for Summary Judgment (*Document No. 5*) is **DENIED**;

2.    Defendant's Motion for Summary Judgment (*Document No. 7*) is
      **GRANTED**; and

3.    The Clerk will docket this case as closed.


                              BY THE COURT:



                              s/ Terrence F. McVerry
                              Terrence F. McVerry
                              United States District Court Judge


cc:    Sandra R. Kushner, Esquire          Albert W. Schollaert
       Rothman, Gordon, Foreman & Groudine  Assistant United States Attorney
       Grant Building, 3rd Floor            United States Attorney's Office
       Pittsburgh, PA 15219                 700 Grant Street, Suite 400
                                            Pittsburgh, PA 15219